IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY CONWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-129-NJR |
| | ) |
| JOHN BALDWIN, MS. BROOKHART, | ) |
| KIMBERLY ULRICH, C/O WATSON, | ) |
| and C/O JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Gregory Conway, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Danville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was housed at Lawrence Correctional Center ("Lawrence"). In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his conditions of confinement and retaliated against him for filing grievances and a lawsuit. He asserts claims against the defendants under the First and Eighth Amendments. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff informed John Baldwin and Warden Brookhart of an insect problem at Lawrence, particularly in his cellhouse and cell (Doc. 1, pp. 9-10). Both officials ignored his pleas, and he suffered from two spider bites, which caused him severe pain. They were also responsible for systemic deficiencies at Lawrence because they failed to respond to reports of a serious insect problem at the prison (*Id*. at p. 10).

He also alleges that after filing a lawsuit, Counselor Kimberly Ulrich and Correctional Officer John Doe retaliated against him by confiscating his medically prescribed mouth guard on May 16, 2019 (Doc. 1, p. 11). Correctional Officer Watson also retaliated against him by refusing his request for medical attention regarding his lack of a mouthguard (*Id*. at p. 12). Ulrich also stole his grievances which were written about her, in violation of his due process rights (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **Eighth Amendment deliberate indifference to conditions of confinement claim against John Baldwin and Warden Brookhart.**
>
> **Count 2:** **First Amendment retaliation claim against Ulrich, Correctional Officer John Doe, and Watson for confiscating his mouth guard and refusing to provide him with medical attention.**
>
> **Count 3:** **Fourteenth Amendment due process claim against Ulrich for stealing his grievances.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

*Severance*

Counts 2 and 3 for retaliation and stealing grievances are unrelated to Plaintiff's claim in Count 1 regarding the conditions of his cell. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 2 against Ulrich, John Doe, and Watson and Count 3 against Ulrich, and will open a new case with a newly-assigned case number.

*Count 1*

At this stage, Plaintiff states a viable claim for deliberate indifference to his conditions of confinement against John Baldwin and Warden Brookhart. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir.1997); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) ("turning a blind eye" to alleged constitutional violation).

## Disposition

Count 2 against Ulrich, John Doe, and Watson, and Count 3 against Ulrich are severed into a new case. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion to proceed in forma pauperis (Doc. 2).

The only claim which remains in this case is Count 1, which shall proceed against John Baldwin and Warden Brookhart.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Clerk of Court shall prepare for Defendants John Baldwin and Warden Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/2/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**